A. B. KENNEDY ET AL. *v.* J. H. McCAIN, EXR.

APPEAL BY PLAINTIFFS FROM THE COURT OF COMMON PLEAS OF ARMSTRONG COUNTY.

Argued October 12, 1891—Decided January 4, 1892.

In assumpsit upon a contract to invest money received from the plaintiff, the evidence adduced failing entirely to show any breach of the contract on the part of the defendant, it was not error, on the defendant's motion, to enter a judgment of nonsuit.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 45 October Term 1891, Sup. Ct.; court below, No. 168 December Term 1888, C. P.

On October 29, 1888, A. B. Kennedy and Mary J., his wife,

Statement of Facts.

in right of said wife, brought assumpsit against James H. Mc-Cain, executor of John Gilpin, deceased, filing a statement of claim the first count of which averred that A. B. Kennedy and M. J. Kennedy, his wife, in right of said M. J. Kennedy (formerly Dougherty), complained:

"For that whereas the said John Gilpin did on the fifth day of February, 1874, make the following contract to and with the said Mary J. Dougherty, in manner and in words following, to wit: 'Received 5th February, 1874, of Miss Mary J. Dougherty, for investment upon good real-estate security for the term of three years, the sum of eight thousand dollars, the same to be invested as soon as practicable at the rate of nine per cent per annum. $8,000. JNO. GILPIN;' and in pursuance to the said contract, the said M. J. Dougherty gave to the said John Gilpin the sum of eight thousand dollars, for investment upon good real-estate security for the term of three years; yet the said John Gilpin has disregarded his said promises, and has not invested the said sum of eight thousand dollars, or any part thereof, in good real-estate security, for the term of three years or any part thereof, or at the rate of nine per cent or at any other rate; nor did the said John Gilpin, in his lifetime, nor the said J. H. McCain, his executor, since his death, invest said money according to said agreement; nor did the said John Gilpin in his lifetime, or the said J. H. McCain, his executor, since his death, repay the said sum of eight thousand dollars, or any part thereof, to the said plaintiff, to the damage of the said plaintiff twenty thousand dollars."

A second count averred an agreement of John Gilpin, on January 31, 1874, to invest for said Mary J. Dougherty the sum of eight thousand dollars in a mortgage which would be perfectly safe, for three years at nine per cent interest; that, in consideration of said promise, said M. J. Dougherty on February 5, 1874, gave to the said John Gilpin eight thousand dollars, so to invest for her; yet the said John Gilpin wholly disregarded his said promise, and did not invest said sum of eight thousand dollars or any part thereof in a mortgage that was perfectly safe, but on the contrary invested said money in a mortgage upon property the title to which was entirely worthless, whereby the said sum of eight thousand dollars was wholly lost.

The defendant pleaded, non assumpsit, and non assumpsit infra sex annos.

Rule of Court, No. 40, § 10, of Armstrong county, is as follows :

" In actions of assumpsit, the plea of non assumpsit, shall operate only as a denial in fact of the express contract or promise alleged, or of the matters of fact from which the contract or promise alleged may be implied by law; and all other defences, as for instance, all matters in confession and avoidance, including not only those by way of discharge, but also those which show the transaction to be void or voidable in law, infancy, coverture, release, payment, illegality of consideration, set-off, and various other defences, must be specially pleaded, or be particularly set forth in a specification filed before or with the plea of the general issue."

At the trial, on December 15, 1890, the plaintiffs called Mrs. Nancy Evans, sister of Mrs. Kennedy, who testified in substance that she had called at Mr. Gilpin's office the last of 1873, or 1874: " A. He asked me if I had any money I wanted to put out on a mortgage. I said my sister had some. I think he alluded to my sister, I would not be positive about that, but anyhow I got the money and brought it down; and he had no mortgage there, and I told him I would have to have some paper to show that I had left the money, and he told me he was perfectly good for the money, and I told him if he took a mortgage that it would have to be double the amount of the money, and he said he would take care of her money for one per cent of the interest. Q. Did he say how much land was in this place ? A. He told me three hundred acres, and it was worth from seventy-five thousand dollars to one hundred thousand dollars. Q. Then the second time you came back did you have the money ? A. Yes, sir, I had eight thousand dollars, I think. Q. Did you give it to Mr. Gilpin ? A. Yes, sir. Q. Look at this letter and state if you received that letter from Mr. Gilpin ? A. Yes sir, I did."

This letter was directed to the witness, under date January 31, 1874, and was as follows :

" I can invest for you in a mortgage, which will be perfectly safe, the sum of eight thousand dollars, for three years at nine per cent interest. If you desire to make the investment, please

### Statement of Facts.

send me a check on Pittsburgh for the amount; and if possible, send it so that I may get it by Friday of next week, as the man who is to take it is to have his papers ready upon that day.

"Yours very truly,

" J. GILPIN.

" Also, please state whether you want the mortgage taken in your own name only, or in the name of yourself and sister.

" J. G."

The plaintiffs then gave in evidence the receipt dated February 5, 1874, set out in the first count of the statement.

Mrs. Nancy Evans, being recalled, testified further : " Q. Mrs. Evans, did you at any time call on Mr. Gilpin for your sister after her marriage ? A. Yes, sir. Q. When was it? A. Well, I cannot really exactly tell you the very date, but I talked to him three or four different times when I was down on my own business. I think the last time I discoursed with him was, maybe, the spring of the year he died, I think in 1881 or 1882. I spoke to him when the property was sold, and I thought my sister was cheated out of it, and I said he ought to get it for her ; and when she came home from Ireland I was down, and I said my sister will need her money, now that she is home she will need it to buy a house ; and he says, I can get the money for her any time, the property is worth twice as much as the money. The property was sold and she was blaming me because I had never spoken to her about letting him have the money. He said he was good for the money any time."

Mr. Leason : We have no cross-examination.

Mrs. Evans : " No, I don't think you have, because I have told the truth."

Hugh Sheridan testified that "some few years" before the death of John Gilpin, the witness asked him if he had lent some money for Mary J. Dougherty, and he said he had ; if I recollect, on the Wible farm. The witness had never seen the land ; Mr. Gilpin said it was worth seventy-five thousand dollars.

Upon the foregoing testimony alone, the plaintiffs rested their case ; when, on motion of the defendant, the court, RAYBURN, P. J., entered a judgment of nonsuit, with leave, etc. A rule to take off the nonsuit having been discharged, the plaintiffs took this appeal, assigning the orders entering the judgment of nonsuit and discharging said rule, for error.

*Mr. W. D. Patton* and *Mr. W. D. Moore*, for the appellants.

*Mr. M. F. Leason*, for the appellee.

PER CURIAM:

We are of opinion that the learned judge below was right in directing a compulsory nonsuit. The plaintiff had entirely failed to show any breach of contract. On the contrary, it may be fairly inferred from her own testimony, that Mr. Gilpin had invested the money referred to in his receipt of February 5, 1874. That it may have been lost is not to the purpose, as Mr. Gilpin did not guarantee the sufficiency of the security, and this suit is not upon a guaranty.

Judgment affirmed.